UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENDRICK LEDELLE DOTSTRY,<br><br>Defendant. | Case No. 16-CR-346 (SRN/HB)<br><br><br><br>**ORDER** |

Andrew Dunne, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Keala C. Ede and Andrew H. Mohring, Office of the Federal Defender, 200 S. 4th St., 107 U.S. Courthouse, Minneapolis, MN 55415, for Defendant on a limited appointment.

Kendrick Ledelle Dotstry, No. 09196-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a letter request [Doc. No. 156] from Defendant Kendrick Ledelle Dotstry, filed with the Court on September 30, 2020. Also pending before the Court are Defendant Kendrick Ledelle Dotstry's Pro Se 28 U.S.C. § 2255 Motion to Vacate [Doc. No. 124], and his Motion to Amend his Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 136], for which Mr. Dotstry was represented by counsel.

In Mr. Dotstry's Pro Se § 2255 Motion, he expressed his intention to later raise an additional issue involving ineffective assistance of counsel within the filing deadline.

1

(Mot. at 2 ¶ 11.) The Court issued an order on September 21, 2020, stating that if Mr. Dotstry wished to brief that issue, the Court would consider any timely-filed briefing to relate back to his initial § 2255 Motion. (Sept. 21, 2020 Order [Doc. No. 155] at 2.) It appears that Mr. Dotstry's one-year limitations period started to run on the date on which his judgment of conviction became final, October 7, 2019. 28 U.S.C. § 2255(f)(1). That is the date on which the United States Supreme Court denied his petition for a writ of certiorari. *Dotstry v. United States*, __ U.S. __, 140 S. Ct. 278 (2019). Therefore his one-year filing deadline will expire within a few days, on October 7, 2020.

In his September 30, 2020 letter, Mr. Dotstry requests appointment of counsel to assist him with drafting a memorandum in support of his § 2255 claim of ineffective assistance of counsel. (Def.'s Sept. 30, 2020 Letter at 1.) He states that due to the outbreak of COVID-19 at FCI-Sandstone, where he is incarcerated, the facility is on lockdown and he has been unable to access the law library. (*Id.*)

Although the Court previously granted appointment of counsel to Mr. Dotstry for the limited purpose of raising a § 2255 claim arising under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), (May 4, 2020 Order [Doc. No. 134]), such appointments are rare and granted only if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). While the Court found that the interests of justice required the limited appointment of counsel with respect to the possible application of a recent Supreme Court decision, the interests of justice do not require appointment of counsel for Mr. Dotstry to argue the bases for his claim of ineffective assistance of counsel. Accordingly, the Court respectfully denies his request.

However, the Court construes Mr. Dotstry's request, in the alternative, as a request for an extension of time in which to amend his petition.  If Mr. Dotstry wishes to amend his § 2255 petition within 30 days, to assert a claim of ineffective assistance of counsel, he may do so.  The Court finds that he has demonstrated good cause for a 30-day extension to brief this issue based on the limitations imposed upon him due to the COVID-19 pandemic. The Court further notes that it fully considers handwritten memoranda, just as it would typewritten materials.

Accordingly, Mr. Dotstry's September 30, 2020 Letter Request [Doc. No. 156] is **DENIED in part, and GRANTED in part**, insofar as the Court extends his filing deadline to amend his § 2255 petition to address a claim of ineffective assistance of counsel to **November 7, 2020**.

**SO ORDERED.**

Dated: October 2, 2020

> s/Susan Richard Nelson
> SUSAN RICHARD NELSON
> United States District Judge

3