UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENDRICK LEDELLE DOTSTRY,<br><br>Defendant. | Case No. 16-CR-346 (SRN/HB)<br><br><br><br>**ORDER** |

Andrew Dunne, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Keala C. Ede and Andrew H. Mohring, Office of the Federal Defender, 200 S. 4th St., 107 U.S. Courthouse, Minneapolis, MN 55415, for Defendant on a limited appointment.

Kendrick Ledelle Dotstry, No. 09196-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a letter request [Doc. No. 158] from Defendant Kendrick Ledelle Dotstry, filed with the Court on October 13, 2020. Also pending before the Court are Defendant Kendrick Ledelle Dotstry's Pro Se 28 U.S.C. § 2255 Motion to Vacate [Doc. No. 124], and his Motion to Amend his Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 136], for which Mr. Dotstry was represented by counsel.

In his October 13, 2020 letter, Mr. Dotstry requests appointment of counsel to assist with drafting a memorandum in support of his § 2255 claim of ineffective assistance of

1

counsel. (Def.'s Oct. 13, 2020 Letter at 1.) He states that he requires legal counsel because his abilities with respect to reading comprehension have been impaired for several years. (*Id.*) In addition, due to the outbreak of COVID-19 at FCI-Sandstone, where he is incarcerated, the facility is on lockdown and he has been unable to access legal materials. (*Id.*)

As the Court observed in response to Mr. Dotstry's previous request for appointment of counsel [Doc. No. 156], such appointments are rare and granted only if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As the Court noted in its October 2, 2020 Order [Doc. No. 157], while the interests of justice required the limited appointment of counsel on one ground of relief in Mr. Dotsry's § 2255 Motion (regarding the possible application of a recent Supreme Court decision), the interests of justice do not require appointment of counsel for Mr. Dotstry to argue the bases for his claim of ineffective assistance of counsel. Accordingly, the Court respectfully denies his renewed request.

However, in the alternative, Mr. Dotstry seeks an extension of time greater than one month in which to submit his claim of ineffective assistance of counsel. (Def.'s Oct. 13, 2020 Letter at 1.) The Court finds that he has demonstrated good cause for an extension to brief this issue based on the limitations imposed upon him due to the COVID-19 pandemic. Given that his prior deadline was November 7, 2020, the Court extends the deadline by 30 days to December 7, 2020. The Court further notes that it fully considers handwritten memoranda, just as it would typewritten materials.

Accordingly, Mr. Dotstry's October 13, 2020 Letter Request [Doc. No. 158] is **DENIED in part, and GRANTED in part**, insofar as the Court extends his filing deadline

to amend his § 2255 petition to address a claim of ineffective assistance of counsel to **December 7, 2020**.

**SO ORDERED.**

Dated: October 16, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
